**No. 39461.**—Protest 913718–G of Densten Felt & Hair Co. (Philadelphia).

CLINE, Judge: In this suit against the United States the plaintiff claims that the collector of customs at the port of Philadelphia illegally assessed additional

duty at the rate of 10 per centum ad valorem under section 304 (b) of the Tariff Act of 1930 on the ground that the merchandise was not legally marked when imported.

It appears from the record that the merchandise consists of hair, packed in bales, imported from the Union of Soviet Socialist Republics. The testimony shows that at the time of importation each bale was marked with the letters "U. S. S. R." but the marking notice attached to the invoice indicates that the bales were marked "Product of U. S. S. R." and that the importer was compelled by the customs officers to mark the same with the words "Soviet Russia" before they were released from customs custody.

Plaintiff argues in its brief that the former Russian Empire no longer exists; that the marking of merchandise with the name "Russia" would be incorrect; that it is customary to refer to the Union of Soviet Socialist Republics in current literature and in the press of this country by the initials "U. S. S. R.," and that the initials of the country are sufficient to indicate to the American public the name of the country of origin of the merchandise.

Plaintiff cites the decision in *International Publishers, Inc.* v. *United States*, Abstract 34635, wherein the court held that books marked with the legend "Printed in U. S. S. R., 7th Printshop of 'Iskra Revolutzi' Moscow" were marked sufficiently to comply with the provisions of section 304 (a). In the decision in that case the court said:

We are of the opinion that the marking on the fly leaf of each book examined by the customs agent was sufficient to comply with the requirements of section 304, since it contains the word "Moscow" and also the initials "U. S. S. R." We do not believe any speculation is necessary to ascertain from this marking that the books in controversy originated in the Soviet Union.

The court based its decision largely on the use of the word "Moscow" in connection with the initials "U. S. S. R." in the marking. A similar opinion was rendered in the case of *Amtorg Trading Corp.* v. *United States*, Abstract 29551. Article 509 (*b*) of the Customs Regulations of 1931 named certain cities, including "Moscow", which would be accepted by the customs officers as a sufficient marking on imported merchandise. This regulation was subsequently amended, however, and in T. D. 47007, the customs officers were directed to accept "Union of Soviet Socialist Republics, or Soviet Union" only as a legal marking of merchandise from the Union of Soviet Socialist Republics. In T. D. 47114 the regulations were changed by giving an additional marking for merchandise from that country, namely "U. S. S. R. (Russia)" and in T. D. 48116 the regulations were amended again so as to include "Soviet Russia" as a sufficient marking. The full name of the country is no doubt too long to be legibly marked on many small articles and as the statute prescribes only that the marking shall be in such manner as to *indicate* the country of origin and does not prescribe that it shall *name* the country of origin, we are of opinion that the regulations of the Secretary of the Treasury are reasonable.

The plaintiff cites also the decision in *W. A. Camp Co.* v. *United States*, Abstract 37656, wherein it was held that the marking "B. N. Borneo" was sufficient to indicate that British North Borneo was the country of origin of the merchandise. The marking in that case was far more expressive and enlightening than the marking on the goods herein involved. It contained the principal part of the name of the country, Borneo, which immediately directs the mind to the particular part of the world where the merchandise originated.

The courts have consistently held that the initials of the country of origin alone are not sufficient as a marking legend, as indicated by the following decisions wherein the marking on the merchandise was held to be insufficient: *E. F. Morley & Co.* v. *United States*, Abstract 30994, marking "NFLD" for Newfoundland;

*Duryea Seed Co.* v. *United States,* Abstract 31446, marking "Produce of N. Z." for New Zealand; *American, Sponge & Chamois Co.* v. *United States,* Abstract 31977, marking "B. W. I." for British West Indies; *Jonas & Naumberg Corp.* v. *United States,* Abstract 33088, marking "Product of C. S. R." for Czechoslovakia; *B. H. Old & Co.* v. *United States,* Abstract 38594, marking "Produce of D. E. I." for Dutch East Indies; and *Givaudan Delawanna, Inc.* v. *United States,* 22 C. C. P. A. 115, T. D. 47104, marking "ZBAR" for Zanzibar.

We are of opinion that the hair involved in this case was not legally marked when imported by the initials "U. S. S. R." Accordingly, the protest is overruled. Judgment will be entered in favor of the defendant.